## MARY HELEN COAL CORPORATION, Plaintiff,

v.

### Marty D. HUDSON, et al., Defendants.

### No. Civ. 3:97CV71.

United States District Court, E.D. Virginia, Richmond Division.

July 28, 1999.

John Lyons Marshall, Jr., Betty S.W. Graumlich, Patrick Michael McSweeney, McSweeney, Burtch & Crump, Richmond, VA, for Plaintiff.

Samuel Morton Brock, III, Mays & Valentine, Richmond, VA, John Mills Barr, Morgan, Lewis & Bockius, Larry D. Newsome, John R. Mooney, Mooney, Green, Baker, Gibson and Saindon, Peter Buscemi, Morgan, Lewis & Bockius, Washington, DC, John E. Kieffer, Bristol, VA, for Defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This case is on remand from the United States Court of Appeals for the Fourth Circuit. Plaintiff brought this action seeking both a declaration that the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act") was unconstitutional, as well as a refund of premiums plaintiff had paid defendants under the Coal Act. Following substantial precedent, the Court granted defendants summary judgment. Plaintiff appealed that decision. While the appeal was pending before the United States Court of Appeals for the Fourth Circuit, the United States Supreme Court issued a dispositive opinion supporting plaintiff's position. *See Eastern Enterprises v. Apfel,* 524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998).

In light of this binding precedent, the Court of Appeals reversed this Court's grant of summary judgment to the defendants and remanded the matter for further proceedings. The parties resolved the underlying issues of the case. Defendants have refunded the premiums plaintiff had previously paid defendants pursuant to the Coal Act. The only pending matter is plaintiff's motion for interest, fees, costs and expenses. That motion is GRANTED IN PART and DENIED IN PART.

### I. Plaintiff's Motion for Interest

Plaintiff first seeks interest in the amount of $341,727.74. This amount represents interest on all premiums plaintiff paid defendants pursuant to the Coal Act computed at nine percent and compounded daily. For the reasons noted below, the Court shall deny plaintiff's motion for interest.

At least one court has previously adjudicated this precise issue. Finding no explicit authority in the Coal Act to award pre-judgment interest, that court squarely rejected the plaintiff's argument. *See National Mining Ass'n v. Apfel,* Case No. CV–96–J–1385–S, 1999 U.S. Dist. LEXIS 9202, (S.D.Ala. Feb 10, 1999). This Court concurs in holding that the Coal Act requires no award of interest on refunded overpayments.

The Coal Act is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). *See* 29 U.S.C. § 1102(1). Analyzing the plaintiff's motion for interest under the well-established body of law of ERISA also compels the Court to deny the motion. Any award of interest would be paid from the assets of the defendants' fund. That fund exists for the exclusive benefit of its beneficiaries. To award plaintiff interest from this fund clearly violates ERISA's anti-inurement policy, which provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries...." *See* 29 U.S.C. § 1103(c)(1).

The award of interest also appears to be unwarranted under the common law theory of unjust enrichment. The defendants never demanded nor retained premiums illegally. In contrast, the defendants in the instant case were obligated by well-established law to collect the disputed premiums. Once the United States Supreme Court issued the *Eastern Enterprises* opinion, the defendants refunded the premiums at issue without further intervention by this Court. "The duty to pay interest attaches only at the time [a legal duty] is breached." *Dumac Forestry Services Inc. v. IBEW, National Electrical Benefit Fund,* 814 F.2d 79, 83 (2d Cir. 1987) (citations omitted). Because the defendants breached no legal duty, the Court does not consider an award of interest appropriate under the common law.

Plaintiff's final argument regarding interest is that the contested premiums represent a taking in violation of the Fifth Amendment. The plaintiff argues that parties that successfully challenge uncon-

stitutional takings are entitled to interest as an element of compensatory damages. The Court, however, finds that plaintiff's characterization of the collection of premiums as an unconstitutional taking is inaccurate. *See Eastern Enterprises,* 524 U.S. 498, 118 S.Ct. 2131, 2154, 141 L.Ed.2d 451 (Kennedy, J. concurring in the judgment but concluding, with four dissenting justices, that the case did not violate the Takings Clause). This argument is therefore unavailing.

Accordingly, the plaintiff's motion for interest shall be denied.

## II. Plaintiff's Motion for Attorney's Fees

Plaintiff next moves for an award in the amount of $288,676.00 in attorney's fees. It argues that it has vindicated the public's interest and that the Equal Access to Justice Act, 28 U.S.C. § 2412, entitles it to attorney's fees. For the following reasons, the Court shall deny plaintiff's motion for attorney's fees.

■ Under the "American rule," litigants are generally responsible for their own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The fact that plaintiff has prevailed on a constitutional matter that may benefit others similarly situated is simply insufficient to warrant a departure from the "American rule" handed down in *Alyeska.* Absent explicit statutory authority, this Court must reject plaintiff's motion for attorney's fees.

■ In an attempt to find such authority, the plaintiff argues that the Equal Access to Justice Act, 28 U.S.C. § 2412, applies. For two separate reasons, this statute does not apply. First, the statute does not apply to the defendants. The plaintiff did not name the United States

as a defendant, nor are the defendants officers of the federal government. *See Holland v. Robert Coal Co.,* 986 F.Supp. 621, 633 (D.D.C.1997), *aff'd without op.,* 172 F.3d 919 (D.C.Cir.1998) (per curiam), *cert. denied,* —— U.S. ——, 119 S.Ct. 1803, 143 L.Ed.2d 1007 (1999). Absent one of these two situations, the statute is inapplicable. Second, the statute does not apply because the position of the defendants was "substantially justified." At the time the Court granted defendants summary judgment, their position was supported by published decisions from at least six circuits of the United States Court of Appeals. *See Eastern Enterprises v. Chater,* 110 F.3d 150 (1st Cir. 1997), *rev'd,* 524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998); *Blue Diamond Coal Co. v. Secretary of HHS,* 79 F.3d 516 (6th Cir.1996), *cert. denied,* 519 U.S. 1055, 117 S.Ct. 682, 136 L.Ed.2d 608 (1997); *Carbon Fuel Co. v. USX Corp.,* 100 F.3d 1124, (4th Cir., 1996); *Davon, Inc. v. Shalala,* 75 F.3d 1114 (7th Cir.), *cert. denied,* 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996); *Holland v. Keenan Trucking Co.,* 102 F.3d 736 (4th Cir.1996); *Lindsey Coal Mining Co. v. Chater,* 90 F.3d 688 (3d Cir.1996); *LTV Steel Co. v. Shalala (In re Chateaugay),* 53 F.3d 478 (2d Cir.), *cert. denied,* 516 U.S. 913, 116 S.Ct. 298, 133 L.Ed.2d 204 (1995); *Barrick Gold Exploration, Inc. v. Hudson,* 47 F.3d 832 (6th Cir.), *cert. denied,* 516 U.S. 813, 116 S.Ct. 64, 133 L.Ed.2d 26 (1995).

Accordingly, the Court shall deny plaintiff's motion for attorney's fees.

## III. Plaintiff's Motion for Costs

Plaintiff next moves for costs in the amount of $2,007.61.[1] Local Rule 54 entitles prevailing parties, such as the plaintiff, to certain costs. The defendants contend that plaintiff's motion for costs is untimely. The Court rejects this argument and hold

---

1. This amount was claimed in the plaintiff's reply brief. They had earlier claimed $4,316.63. However, the plaintiff appears to have adjusted this figure during the briefing of this motion. Because plaintiff's original Bill of Costs appears to require an amendment, the Court's accompanying Order shall direct the plaintiff to submit an amended Bill of Costs to the Clerk.

that plaintiff's motion for costs was timely under the Court's Order dated May 13, 1999.

Because the plaintiff has timely filed a bill of costs that appears to be meritorious, the plaintiff's motion for costs shall be granted. The Court shall direct the Clerk to process plaintiff's bill of costs in accord with Local Rule 54(d)(2).

### IV. Plaintiff's Motion for Expenses

Finally, the plaintiff seeks $24,480.65 in "additional expenses." These expenses include fees and expenses for travel, document duplication, courier services, telephone tolls, computer research, and expert witnesses. Because there appears to the Court to be no legal nor equitable basis for these claims, the Court shall deny plaintiff's motion for additional expenses.

It is so ORDERED.

An appropriate Order shall issue.

### ORDER

This matter is before the Court on plaintiff's motion for interest, fees, costs and expenses. The Court rules as follows:

Plaintiff's motion for interest is DENIED.

Plaintiff's motion for attorney's fees is DENIED.

Plaintiff's motion for costs is GRANTED. Plaintiff has apparently reassessed the costs to which it considers itself entitled since submitting its Bill of Costs on June 4, 1999. Accordingly, the Court DIRECTS the plaintiff to submit an amended Bill of Costs on or before August 20, 1999. The Clerk of the Court is DIRECTED to evaluate plaintiff's amended Bill of Costs and assess costs against the defendants according to prevailing authority.

Plaintiff's motion for expenses is DENIED.

It is so ORDERED.